## Thurman et al. v. Thurman et al.

Feb. 20, 1942.

Joe H. Weaks for appellant.

A. H. Kopperud for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

This action was instituted by the appellee, Lois Outland Thurman, individually and as guardian, against the appellants to secure the Court's consent to a sale to the United States of America of the flowage easement or right to flood and otherwise utilize, in connection with the operation of the Gilbertsville Dam, a portion of a one hundred acre tract of land jointly owned by the infant appellants and their adult brothers named in the caption subject to the dower right of their mother and statutory guardian. The proceeding was practiced in strict accordance with the provisions of Kentucky Statute, Section 2150a which authorizes the sale by a guardian when approved by the chancellor of "any interest in land" owned by his ward; and the only questions presented for decision on this appeal from the Court's judgment approving the contract and authorizing the conveyance, are (1) whether an easement is an "interest in land" within the meaning of the Statute, and (2) whether the guardian may convey with covenant of general warranty when required by the contract and authorized by the judgment.

(1) We find nothing in the language of the Statute which would militate against its employment to facilitate the accomplishment of the object here in view. An easement is properly denominated an "interest in land" (Corpus Juris, Vol. 19, page 863; 28 C. J. S., Easements, Section 1; Buck Creek R. Co. v. Haws, 253 Ky. 203, 69 S. W. (2d) 333), and the purpose of the Statute, as we construe it, was to enable the guardian to sell, without resorting to the cumbersome proceedings authorized by Chapter XIV, Civil Code of Practice, "any interest in land" which the owner might himself convey if he was sui juris; provided that the sale is beneficial to the infant and for a purpose contemplated by the Code provisions referred to. Kentland Coal & Coke Co. v. Coleman's Guardian, 243 Ky. 184, 47 S. W. (2d) 1069.

In the case at bar it is alleged and proven that the price offered for the easement is adequate, and though it is apparent that one of the objects sought to be accomplished was the avoidance of otherwise inevitable condemnation proceedings in the Federal Court, this circumstance adds to the desirability of effecting a sale by the means employed for the alleged and authorized purpose of reinvesting the proceeds.

(2) We find no inhibition in the statute which would prevent the guardian from conveying with covenant of general warranty where the giving of such a covenant appears to be justified by the state of the title, is requisite to the obtention of an advantageous price and is authorized by the Chancellor. Subsection 2 of Section 494, Civil Code of Practice, the only obstacle suggested by appellants, merely forbids the incorporation of such covenants in deeds executed by commissioners to purchasers at judicial sales held under the provisions of Chapter 14 of which Section 494 is a part.

Judgment affirmed.